IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,701-02






EX PARTE JOSEPH JACOB PEREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 5322 IN THE 33RD DISTRICT COURT


FROM SAN SABA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacture of
a controlled substance and sentenced to thirty years' imprisonment. He did not appeal his conviction.

 Applicant contends that his sentence is illegal; that his plea of true was rendered involuntary
because he did not know or understand that the charges in cause number 5497 dismissed pursuant
to Tex. Pen. Code § 12.45 would be considered in determining his sentence; and that trial counsel
rendered ineffective assistance because she advised Applicant that if he did not plead guilty, he
would be sentenced to at least forty years' imprisonment.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to what offense
Applicant was charged with, whether his punishment was enhanced, and whether his sentence is
illegal. The trial court shall then make findings and conclusions as to whether Applicant's plea of
true was rendered involuntary because he did not know or understand that the charges in cause
number 5497 dismissed pursuant to Tex. Pen. Code § 12.45 would be considered in determining
his sentence. Finally, the trial court shall make findings and conclusions as to whether trial counsel's
advice was deficient and, if so, whether Applicant's guilty plea was rendered involuntary. The trial
court shall also make any other findings and conclusions that it deems relevant and appropriate to
the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The indictment, judgment, docket
sheets, and plea papers shall also be returned to this Court within 120 days of the date of this order.
Any extensions of time shall be obtained from this Court. 



Filed: June 10, 2009

Do not publish